Your Honors, may it please the Court, Diane Weisberg on behalf of Mr. Prasad, who is present in court. This is a case of First Impression in California, as such I'm going to ask to reserve a few minutes at the end, preferably five, for rebutting. I will, Your Honor. The subject of the Child Welfare System case management system has never been addressed by the Ninth Circuit. It has recently been addressed, as my brief outlines, in Southern California, because that's where I filed the Testolo case first, and then subsequent cases. But the right to due process, as noted, has been very clearly addressed in Humphrey's decision by the Ninth Circuit, and in Burt. That's correct, Your Honor. It's not the same process, Your Honor. Because CACI has exactly seven fields of data. That's it. It's very limited in our database. CWSC-MS has 221 fields of data. CACI is much more expansive. You know, also, CACI is a stand-alone database powered by the Department of Justice. CACI, clearly, the regulations, 901A of the California Administrative Code. Okay. Okay. Actually, they don't, Your Honor, it turned out in 2015. Well, it was sent in after 2015. Well, okay. Our language is one of a kind. As of we sit here today, CACI is one of the databases. As we sit here today, the allegation of 2009 is not in the CACI database. What's in the CACI database is a 2015 accusation, which didn't occur in 2015. Okay. Okay. Okay. Now, it would only be taken out of CACI. Okay. It will no longer be in CACI, but it will still remain in the other one. Okay. It could have been. Who? Who said that? It could have been. It could have been. It could have been. Of course, it could have been. Of course, it could have been. It could have been. It could have been. It could have been. In the end, it will not be in the CACI database at all. It will be in this one as a substitute. No, it will still be in this one as the way it is entered back at the time it was entered. Well, that's not what the. . . It's not modified. Well, my understanding was that it is modified. If it's corrected. . . They're supposed to modify it, but they don't, Your Honor. I've never, in all of the years I've worked for the government, in all of the years I've done this, have I ever seen a modified database, except when I have brought a lawsuit. There is no. . . Well, if it turned out that in the end it was determined to be unsubstantiated, but it remained in here as substantiated, then you might have a major problem, which it would be. It seems to be a duress problem, but we're not there yet, right? I mean, my understanding, the representations of it, then it would be revised. If it isn't revised, it seems to be perfectly a legitimate problem, but we're not there yet. So the question really is whether either, just to be specific, either the inclusion of more information, of that substantive information in this database, or the fact that it would remain there as unsubstantiated, or even if more sounds to me unsubstantiated, is something you can sue about now. That seems to me to be where we are. Well, that's part of the thing, but the flip side of that is it doesn't matter if it's unsubstantiated or substantiated in the CWS, because each subsequent entry then increases the risk level of any subsequent referral, and that gets outlined in brief through the data processing system called the risk assessment matrix. And then what? I mean, there's a huge divide between the two parties as to what this CWS database, as well as the risk available for, and so on. There is a restriction of mandatory use of CWS CMS by everyone who works in social welfare, and that would include social workers in the children's services, people getting welfare benefits, people getting foster licenses. They have to access it. Worse, each time a new generation comes into the system, Your Honor, it creates an increased risk level with the presumption of where there is an accusation, there must be guilt, very much like on first. This is worse, though, because now that data is then fed into the statewide sub-databases, which is why I didn't, before, point to the CWS CMS in a nutshell, so that the Court was free to then see where even the State of California talks about these databases and the sub-databases. The problem is, when you look at who has the data and what they're doing with it, if Mr. Farsad gets removed from Kathy Knock-on-Wood, why would she then be in CWS anyway? Why don't they go in and clean it out like they did with the Kathy, get rid of all of the unfounded, all of the inconclusives, and maintain the database for what it's designed for? Tell people, when they do an appropriate search or an appropriate access to the records, why it's there. That's the big issue here. There was a stigma plus issue, right? That's correct. You're right. And it's due. There was a plus because he was concerned about, I gather, things that the CWS database is actually used for, which he's being unable to adopt or can't guardianship over his half-brother to continue volunteering with you as a result of his inclusion. What is specific? Also getting government clearances to work in his chosen profession. Where is that? How do we know that the CWS thinks you're doing that? Because it's mandatory that you have to search it. And if you're in it, it will not grant clearance. I don't know. Is that in the complaint or what? It was in the complaint, Your Honor. It's also in my brief. It's also in CWS CMS in a nutshell. It clearly says they must search it. Every county in the state of California claims they have to search the database on every process that they do, whether it's welfare services, whether it's giving clearances to be a foster parent, being a non-relative legal guardian. He said for his job. I mean, in other words, we don't have any reason to think that he wants to be a foster parent or any of these specific welfare-based things. But he said it was necessary for his job. But one of the issues that Jay Mock had to do also with his application for the welfare benefits, and they automatically disqualified him because they said he was sincere to US standards. That's in the complaint. That's going to be in a separate lawsuit, Your Honor. Why is that a better lawsuit? And that's what I'm having a problem with. In other words, what is in this lawsuit with regard to the impact on him that is an ascertainable result of being at CWS even with an unsubstantiated standard? He has a girlfriend, Your Honor, that has a child. The minute a new referral comes in, has he sure his ex-wife is going to continue what she's been doing? He hasn't seen his kids in nine years because of these accusations. The minute there is any hint. There is a substantiated. That's why I was trying to disorientate it between one that at this moment appears to be recorded as substantiated and what would happen or what has happened with ones that are in the CWS database as being conclusive or unsubstantiated. That's what I'm saying, Your Honor. The minute you have subsequent referrals, one referral has no impact on a subsequent referral. Two raises the risk level to one. Three raises the risk level to three. And then four or more raises it to four. There is an automatic response. He's not allowed to see his children automatically, Your Honor. If you can't see your children, you can't get foster care. I have a county of Los Angeles email that says automatic disposition. If you are in CWS CMS, you will not get a foster license. You will not get foster care. There's a month of foster license. No, he is applying to work with children in the foster care system. Right. How do we know that? Because it's in the brief, Your Honor. We still have the record. It's in the record. It's in the complaint, Your Honor. He applied to get government clearances so he could do volunteer work, working with children and teaching computerized classes. It still has in the record, it's also there, that he has applied to get government clearances and has been told he's in these databases. Why is the CWS CMS database being prompted by the institute, the chief administrative officer, or the CEO's office at the county government level, law enforcement? There's no government oversight here. You have no restriction on the distribution of this data. Why should his immigration status, driver's license number, whether he has a girlfriend right now, why is any of that relevant to the actual allegation involving child abuse? If it's relevant to this case, I want to focus on the fact that we have an allocation in the other database that is deemed substantiated. Why doesn't that end it as far as due process is concerned? Because one database is very narrowly focused and very restricted by the Ninth Circuit. This database is not a single database. It is a mass-fed system. You're still focusing on the impact. I'm looking at what due process is required. If, in fact, he obtained due process and was not successful in his effort to demonstrate that the charge is unsubstantiated, where's the injury? Because the injury was he didn't know anything about it, and he never received the documents involving the CWS. I understand what you're saying now. Dealing with the fact that the allegation was ultimately concluded to have been substantiated, you can challenge that, but the challenge was unsuccessful. I just want to follow up on a few points. From my perspective, that's something different. Why should we say he gets to start from square one again for the second database when, in fact, the resolution from the first one is still standing? It's not the second database. It is the master database that feeds the CACI database. Well, due process is due process, and if he's had due process, why is the state obligated to give it to him and get it out into the county? If he hasn't had any due process as to the 221 separate fields of information that are in CWS CMS, what is the necessity for any government agency to have items of information? Well, you're going against the database, not against whether or not he's had due process. But he hasn't had due process as to that database or system because he was never provided with the information. But the problem is that the constitutional standard, again, is stigma plus. Most of the information in the database, although it may be unnecessary, is not stigmatized, right? Oh, absolutely it is. It has information regarding therapists, medical records. It has medical treatments that he's had. It's very stigmatizing, Your Honors. You need to look at my list of things that are in that database without any oversight or court order being required. Sex Welfare and Institutions Code 827 alone has 18 enumerated sections. Can you give me where in the complaint there are the so-called plus applications? I mean, there were specific things that he tried to do that he couldn't because of this database. May I use an iPad, Your Honor? It would be faster. Why don't you do it when you come in? Okay. Thank you so much. Anything else, Your Honor? No. Well, we'll give you a minute or two, and we're good. Thank you. Good morning, Your Honor. May it please the Court, Deputy County Counsel Marcy Hartman for the county. The court was asking the procedural status of the matter. Mr. Poussat has two daughters, an elder and younger. Originally, both were reported to the CACI database, which is the Child Abuse Central Index. One of the determinations of the social worker that was upheld by the Administrative Hearing Officer was substantiated, that was an older daughter. The younger daughter was inconclusive, which was also. Right. So the second one, to take that example, is out of the CACI database, which would be me, right? The first one, the older daughter of the substantiated. That's not what I asked you. I asked you about the second one. The inconclusive one is not in the Child Abuse Central Index. It's just not in the CACI system. Both of them are in the case management system. I have no evidence. I mean, we seem to have completely diverse views from both sides, but what's the case management system? Who has access to it and for what? Who has access to the case management system is defined under California law, which is established for the purpose of having the social workers run their agency that is, for example, providing federal funds. So, for example, is it the case that it is relevant, it's always limited with regard to child custody determinations or solicitation questions? And her representation, as I understood it, I'm trying to find in the complaint, is that because there are a certain number of these entries, even though unsubstantiated or inconclusive, there will be consequences for her client, both as to child welfare issues having to do with foster care and other things, but also for his job. Is that not true? Has the home records director established that it's not true? Yes, that's incorrect. First of all, with respect to his job, plaintiff alleges in the complaint that he's a high-tech worker and that he's gainfully employed as a high-tech worker. Nothing in the California codes, either for the Child Abuse Central Index, CACI, or for the case management system that's utilized by the social workers, allows access to any high-tech job. Why do you apply for a county job or a state job? Why do you apply for a county or a state job if they look to be of interest to the state division? There is no allegation that he's applied for a state job. I know, but I'm asking you. There is no statute that says if you apply for a state job that you are checked in that index. What the statutes do say is that people who apply to work for out-of-home childcare or who apply for licensing to run a daycare center, that you have to check the Child Abuse Central Index for that. And if someone were to check that, they would find a substantiated allegation that's in the Child Abuse Index. The statutes then say that when you're applying for one of those jobs, such as licensing for out-of-home childcare or working at a daycare center, that if you find that Child Abuse Central Index substantiated allegation, that there's a duty to investigate for that. I'll write it down for you. If I have a sheet that's being represented, that if you're in the other database, even if it's a non-substantiated claim, that at some point you have a stress factor that will be treated as a joint state procedure, is that true? Is it in the record? There is nothing in the record for that. There is nothing in the law for that. What that is, is a case management system under California law that the social workers use to initiate and run the cases and track the cases and make sure that the children don't slip through the cracks. It's not like the Child Abuse Central Index, which is a stigmatizing index that has to be checked. Similarly, if, for example, under the substantiated case that was upheld by the administrative hearing officer, which is currently pending in the parallel state for proceeding, if Mr. Prasad is ultimately successful in that case and reduces that finding either to an inconclusive or unfounded finding, is that still pending? It's now passed. It's in the last instance. It's in this way for a paternity. Right. Exactly. If he had his hearing, the administrative hearing officer held that the elder daughter was substantiated and upheld that the younger daughter was inconclusive, that case is pending in the parallel state court proceedings for the court to decide on the substantiated allegation was, for example, either inconclusive or unfounded, then when that case was filed, the case management system would be updated to reflect that that finding had been overturned by the Sixth Law District. So, I think the court, with its questions on LIS, focused in really on the two key issues. The first is that nothing that plaintiff alleges in his complaint shows a stigma clause. Here, he's mentioned that he's a hijacked worker who was gainfully employed. He's a U.S. citizen as alleged in the complaint. Nothing either under state law or the allegations that he has made in the complaint meets the stigma clause test, unlike in Pope Re's, unlike in Castillo, unlike in other cases. Secondly, even if one were to assume, for the sake of argument, that he hadn't had the stigma clause test, what would the remedy be? The remedy under Pope's case would be some sort of hearing. In 2010, Mr. Prasad had that hearing. In fact, he had hearings in July and in August before the Administrative Hearing Officer. The Administrative Hearing Officer upheld the allegations, and he's now been for seven years since then. And the court has, right? This case was just mentioned. I did not have to complain, right? Yes. So, the first thing is, and multiple referrals raised this risk level that the family law firm would not allow to get his daughter's back with that determination of factual innocence from the information contained in CWSCMS. The fidgets, the farm fidgets, that they could not get a determination of factual innocence because there was no statute of ordinances or a case law requiring a hero for inclusion is CWSCMS now icing. You would say that's not true, or what? That's not true. There's two aspects that I believe Your Honor has asked about. The first aspect is the risk tool within the case management system. And Mr. Brisson alleges in his complaint that before the case was ever brought to Santa Clara County, he was investigated twice for alleged child abuse. Twice? He always switched Santa Clara County. So, in that part, just briefly, he alleges in the complaint he's already maxed out the risk factors. And what those risk factors are is how urgent is it for the social worker to investigate the call when it comes in. The second part, Your Honor asked about, is declarations of factual innocence. And there is no civil declaration of factual innocence. What that is is... All right. The part I'm really interested in is that he will not be in the sense, he alleges that he cannot get his daughters back without a determination of factual innocence. We can't get one. A determination of factual innocence is something that comes from the criminal courts. Okay. In the Fogface case, which is where I think Mr. Pissat has taken that line of argument from, there, the Fogface had been arrested for felony abuse and torture of the child, and the criminal court dismissed that case. And thereafter, they petitioned under the penal code for a determination of factual innocence, which is something you can get from the criminal court. So, first of all, as Mr. Pissat alleges, he's never been arrested or convicted of a crime yet. There's no question about that. He would say it's a risk-prevented complaint that he does not. And so, this isn't a criminal procedure where one would go to a criminal court for a determination of factual innocence. Secondly, even if this were a case like Humphrey's where there is a criminal procedure because he were arrested for a criminal crime, a determination of factual innocence under the penal code cannot be shown to the family court or any other court. It's not for use in any other procedure. Humphrey's case right outside of those. ...is testing what he says in the complaint. Right? And when he says in the complaint, just that he cannot get his orders back without... It's the information. That's the CWI CMS remains there. That's what he says. And there's no way to do it. One way to do it is what he's doing in the... First of all, they don't know the accuracy of that because they don't practice in the family law courts. And they don't know what happens in the family court. The problem is it's in the complaint. And it would, I assume, be a stigma plus gesture. Well, that's what the ongoing parallel speed court proceeding is all about. It's not the fact that he's in the case management system that's the problem. It's a substantiated finding in the child abuse sexual index that's the problem. And essentially what Mr. Poussaint is alleging is that as long as he has a substantiated finding of child abuse, he's alleging that the family court isn't going to give him his children back. He's currently challenged that in the state court proceeding and has been for the last seven years. He had his hearing before the administrative hearing officer. He had his due process. He's been pursuing that due process for the last seven years. And it's currently back in the Sixth Appellate District for the second time. And if the Sixth Appellate District determines that the substantiated findings should be overturned, that would be reported to the case management system. And presumably, Mr. Poussaint would go back to the family court and request to have the custody order modified. But he's never going to get the other one, he might get the other one modified, but it will still be there. No matter what Mr. Poussaint does, the two reports into the system from Alameda, the two reports into the system from Santa Clara County and the one from Contra Costa will still be there. Now, presuming he gets them overturned, he can go back to the family court and presumably at that point, the case management system works to his benefit. Because the forensic investigator will see that clearly someone has a vendetta against him because these are all not founded. There is no ultimate complaint. There is no system for removing any of this from the CWS CMS under any circumstances. There may be a system for accuracy, i.e. that it has to say inclusive if it's inclusive or not unfounded if it's unfounded. But it's still going to be there. Yes, because he's complained about the question as well. That's true, it's true. Yes, the case management system is designed by the state to be a permanent repository of information and it gets corrected by, for example, if a substantiated determination is overturned. That's corrected in the case management system if it shows that the decision was overturned. As long as there were a finding, it's a basic allegation. That's why if it's not a vendetta, she's making things up entirely. All this stuff is going into the CWS CMS system and it's totally made up. And I understand there are disputes about this, but let's pose it. And there are various consequences for him and there's no way to get it out. That's what you're saying. There's just no way to get it out. Is there any way to get it out? When you say... Even if it's totally made up, and it was just a vendetta. Well, the process for that is exactly the process that he's gone through. He received notice, he had two hearings before the administrative counsel. Yes, I was going to get it out. The CWS system has told him to be there. He hasn't found it. I just took it out. Any allegations have consequences for him. I don't think he's either accurate, alleged in anything other than a conclusory infraction, or that the law shows that there's any stigma plus attached. And I think that's the key point. If I ask you hypothetically, is there any way to get this information out of the system if it's totally fraudulent? When you say this information, you're referring to the child abuse allegations? Yes. In other words, even if they keep saying they're unfounded, the fact is they're there in the system. And he alleges, and I've told him it's not true, that it would have consequences, for example, for his visitation or custody of the children and for other things. Just being there, even if untrue. He argues that, I believe it's clear in the law, that that's not the case. The law specifies who has access to this case management system and for what purposes. The law provides a due process for him to challenge findings of child abuse allegations. I can't imagine that proving that your ex-spouse has a vendetta against you would hurt you in the family court. When your ex-spouse gets up there in the stand and said, my husband or wife did X, Y, Z for social workers or the court's investigators to be able to stand up there and say, we have fully investigated this and found it not to be true. On the one case we found it to be true, the court overturned it. There's no evidence that this happened. I can't imagine that that would be a stigma to the appellant in those circumstances. The real question here is whether he meets the stigma plus test. I don't think he's alleged that he has. I think it's clear from the law that he does not. Even if he did, he's received all the process to which he's entitled to. Thank you. Your honors, first of all, I apologize. I can't bring a complaint up on my iPad. I stand with the accusations. They're there. They're fairly vague. He hasn't specifically said he wants you to X, Y, or Z. Certainly, he could do it. He's already been admitting he could do it. He can stop here. Why he says he couldn't do it could he just make some specific suggestions? Everything contained in the statements regarding what happened in the first tacky hearing, all of that information is being handled as forenosed in the parallel proceeding. But, it doesn't matter when a social worker walks into a family law court and says she did a mistake and she tells the judge there were three prior referrals and that raises the risk level that judge in the family law proceeding suspended all visitation. Whether people are supposed to be with company or not. But those were not from Santa Clara County, right? No, it was Santa Clara County. It was the social worker. But not the other ones that were already there. Those were from another county. Correct. And I gather those were sufficient to meet the risk factors. Correct. They were uncounted. Well, I know, but you have But just because. In so far as the issue was whether they were unfound or not, I'm assuming you have due process with regard to that. The question is whether you have any claim with regard to the continuing existence of these accusations in the CWS even if it's determined that they're unfound and reported that they're unfound. No. The due process, right, comes into play for the allegation itself because if it's unfounded, you have no way of knowing what's in the database. It doesn't show up in CACI. It stays in CWS CMS. Correct. And you still allege the adverse consequences result even from allegations about unfounded. Of course, you have the two allegations from Alameda County that are sitting there that are Santa Clara's responsibility. Well, it doesn't have the adverse consequences. But it can reduce risk level back down and because statutes run, I can't go back to that county unless this court orders that they remove all unfounded. That eliminates the problem. Well, that sounds like a different lawsuit since Alameda County is not a major city that did this case. Absolutely. But if the court orders them to remove all unfounded allegations, it eliminates a huge part of the problem and a subsequent lawsuit that's going on right now that Judge Wright took care of that would resolve Mr. Castillo. There is a way to modify the data in the system. The respondents won't admit to it. They just have to change the person's name to John Doe or Jane Doe and change addresses and demographics. Well, that's having an inheritance for internal investigatory purposes. The problem is that your accusation is that it's used beyond internal investigatory purposes. Right, beyond internal investigations. I individually responded. Thank you for your question, Your Honor. Thank you, Your Honor. Thank you both for your argument. The case of Preston v. Alameda County is submitted. The next case, Alameda South, Ohio v. Oklahoma, is to be submitted under grace. The last case of the day, Hart v. Clarkers v. Oakland, Illinois.
judges: Berzon, Clifton, Garbis